TS

FILED IN OPEN COURT
ON 4-9-2013
Julie A. Richards, Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CR-40-1 (4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | I N D I C T M E N T |
| | : | |
| MONTERIE LAVERN JUNIOUS | : | |
| a/k/a "Bo Black" | : | |

The Grand Jury charges:

## COUNT ONE

From in or about October 2012 and continuing up to on or about February 27, 2013, in the Eastern District of North Carolina, the defendant, MONTERIE LAVERN JUNIOUS, also known as "Bo Black", did knowingly and intentionally conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to possess with the intent to distribute and distribute twenty-eight (28) grams or more of cocaine base (crack), a Schedule II controlled substance, and one hundred (100) grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about February 27, 2013 in the Eastern District of North Carolina, the defendant, MONTERIE LAVERN JUNIOUS, also known as "Bo Black", did knowingly and intentionally possess with the intent to distribute twenty-eight (28) grams or more of cocaine base (crack), Schedule II controlled substance, and a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(This Space Intentionally Left Blank)

## ALLEGATION OF PRIOR CONVICTION

As to the charges contained in the indictment:

For the purpose of Title 21, United States Code, Sections 841(b) and 851, the defendant, committed the violations alleged in the Indictment after one or more prior felony drug convictions, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 21, United States Code, Section 853 that all the defendant's interest in all property specified herein is subject to forfeiture. As a result of the foregoing offenses in the Indictment, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses. This includes but is not limited to $2,376.00 dollars seized from the defendant on February 27, 2013.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivide without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

FOREPERSON
DATE: April 9, 2013

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

THOMAS G. WALKER
United States Attorney

T. ENNIS FOR
TIMOTHY SEVERO
Special Assistant United States Attorney
Criminal Division